# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EDDIE SANTANA,
    Plaintiff                                 Case No. 1:05cv646

vs

DOUGLAS SCHOOL,                  **ORDER**
    Defendant                               (Weber, J.)

      Plaintiff, a resident of Cincinnati, Ohio, brings this civil action under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, brings this action against Douglas School, an elementary school within the City of Cincinnati School District. Plaintiff alleges he is a disabled individual under the Americans With Disabilities Act (ADA). He states that Douglas School is located adjacent to his residence and separated by Myrtle Street. Plaintiff alleges that individual employees of Douglas School insist on parking on the street directly in front of plaintiff's residence. Plaintiff states he has asked the individual employees as well as the principal of the school to please refrain from parking in front of his house and reserve the spot for plaintiff. However, the employees continue to park in front of his house. Plaintiff claims defendant Douglas School is violating his rights under the ADA, the Equal Protection Clause of the Fourteenth Amendment, and Ohio law. He seeks an injunction prohibiting Douglas School employees from parking in front of his house.

Title II of the ADA prohibits a public entity from discriminating against disabled

individuals and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  In order to pursue a claim under Title II of the ADA, a disabled individual must demonstrate that he was excluded from a public benefit, service, or program because of his disability. 42 U.S.C. §§ 12132; *see also Sandison v. Mich. High School Athletic Ass'n*, 64 F.3d 1026, 1036 (6th Cir. 1995).  The federal regulations further provide that a public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association. 28 C.F.R. § 35.130(g).  Under Title II of the ADA, the term "qualified individual with a disability" is defined in relevant part as meaning an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity. 42 U.S.C. § 12131(2).  To state a claim for a violation of Title II of the ADA, plaintiff must allege facts showing (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the public entity's services, programs, or activities solely because of his disability. 42 U.S.C. § 12132; *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003).

      Plaintiff fails to state a claim for relief under the ADA because even assuming he is a disabled individual under the Act, he has not alleged facts showing he is being denied the benefit of or subject to discrimination under any service, program or activity of Douglas School.  The

benefit plaintiff claims he is being denied is the ability to park on a public street directly in front of his residence. This service, on-street parking, is provided by the City of Cincinnati and not Douglas School. Plaintiff has not alleged any facts showing he has a special parking permit or exclusive rights to the parking space in front of his residence. Nor has he alleged facts showing that the alleged discrimination he complains about, *i.e.*, the use of the parking space directly in front of his house, occurred *because of* his disability. *McPherson v. Michigan High School Athletic Assn*, 119 F.3d 453, 460 (6th Cir. 1997). The complaint does not allege facts showing plaintiff's disability factored into any decision by Douglas School employees to park in front of his house. Rather, the proximity of Douglas School to the on-street parking in front of plaintiff's house appears to be the motivating factor. While plaintiff appears to be seeking a "reasonable accommodation" from Douglas School to obtain exclusive rights to on-street parking in front of his residence, Douglas School is under no obligation to grant or deny parking rights on any public street and is not the public entity from whom plaintiff should be seeking assistance. Any accommodation to on-street parking should be sought from the City of Cincinnati Division of Traffic Engineering which may install "handicapped parking only" signs for mobility impaired drivers who have a valid State of Ohio handicapped parking placard, who do not have off street parking at their residence, who complete an application, and who are qualified. *See* http://www.cincinnati-oh.gov/transeng/pages/-7380-. Plaintiff should contact the City of Cincinnati to apply for a reserved handicapped parking space in front of his residence to achieve the result he seeks in this lawsuit. Accordingly, plaintiff's ADA claim must be dismissed.

Plaintiff's allegations are also insufficient to state an equal protection claim. To state a claim under the Fourteenth Amendment's Equal Protection Clause, plaintiff must allege facts

indicating that defendant intentionally discriminated against him because of membership in a protected class. *See Henry v. Metropolitan Sewer Dist.,* 922 F.2d 332, 341 (6th Cir. 1990). *See also Joyce v. Mavromatis,* 783 F.2d 56, 57 (6th Cir. 1986). Plaintiff has not alleged facts from which an inference can be drawn that defendant Douglas School acted against him based on his membership in a group or class singled out for discriminatory treatment. *Cf. Joyce,* 783 F.2d at 57. Therefore, plaintiff's equal protection claim must be dismissed.

To the extent plaintiff claims the actions of defendant violate the state law of Ohio, the Court declines to exercise pendent jurisdiction over such claims because plaintiff fails to state a viable federal law claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Thus, the state law claims are dismissed without prejudice for lack of jurisdiction.

In summary, the Court dismisses plaintiff's complaint for failure to state a claim upon which relief may be granted. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date:   10/3/05                         S/Herman J. Weber
                                        Herman J. Weber
                                        United States Senior District Judge